E-FILED
Friday, 29 May, 2015 03:31:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN V. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3355 |
| | ) | |
| SCOTT A. WARD, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging claims for excessive force, retaliation, and procedural due process. The matter is before the Court for ruling on Defendants' Motion for Summary Judgment on the grounds that Plaintiff's claims are barred by res judicata and the statute of limitations. (Doc. 40). For the reasons discussed below, the motion is granted on res judicata grounds.

### PROCEDURAL HISTORY

Plaintiff filed this lawsuit on October 10, 2013. On December 18, 2013, the Court entered a text order requesting additional documentation from Plaintiff for purposes of conducting a merit

review pursuant to 28 U.S.C. § 1915A. When Plaintiff's subsequent incarceration made providing this information within a reasonable amount of time impossible, the Court entered a merit review order and allowed Plaintiff's lawsuit to proceed on three alleged constitutional violations: (1) excessive force in violation of the Eighth Amendment; (2) retaliation in violation of the First Amendment; and, (3) procedural due process in violation of the Fourteenth Amendment. (Doc. 7). After the Scheduling Order was entered, the Defendants filed the Motion for Summary Judgment now under consideration by the Court. (Doc. 40). The Plaintiff subsequently filed a Motion to Dismiss Defendant's Motion for Summary Judgment (Doc. 46), which the Court will interpret as a response to Defendants' motion for summary judgment. Upon review of the filings, the Court entered an Order dated March 5, 2015, requesting additional briefs on the issue of whether Plaintiff's claims were barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), as the applicability of the Heck doctrine could affect whether Plaintiff's lawsuit is now barred under res judicata. (Doc. 50). Defendants filed a supplemental brief. (Doc. 51). The Plaintiff did not.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff's claims arise from a chain of events that occurred at Logan Correctional Center ("Logan") on or about August 9, 2011. Plaintiff alleges he was issued a false disciplinary ticket after he

threw a tray of food on the floor at Logan.  Plaintiff alleges that Defendant Simmons used excessive force after removing Plaintiff from his cell.  Plaintiff alleges that he was later convicted of the charged disciplinary infraction, receiving a demotion to C-grade, loss of privileges, and loss of good time credit.  The punishment was later reduced, and all of Plaintiff's lost good time credit was restored.  After completing the prison grievance process, Plaintiff sought expungement of the disciplinary tickets through a common law writ of certiorari filed in Illinois state court in March 2012.  The writ was denied without oral argument on November 9, 2012.  Plaintiff filed the present lawsuit under 42 U.S.C. § 1983 on October 10, 2013.

## ANALYSIS

Defendants allege that Plaintiff's claims are now barred under the doctrine of res judicata because Plaintiff failed to bring his § 1983 claims contemporaneously with the state court Petition for Common Law Writ of Certiorari.  To determine the preclusive effect of a state court decision, the federal courts must examine the law of the state from which the decision arose.  See 28 U.S.C. § 1738.  "Congress has specifically required all federal courts to give

preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980).

Under Illinois law, "a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." Hudson v. City of Chicago, 889 N.E.2d 210, 213 (Ill. 2008) (citation omitted). Res judicata bars claims that were actually litigated, as well as, those which could have been, but were not. Id. For the doctrine of res judicata to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies. Rein v. David A. Noyes & Co., 172 Ill. 2d 325, 334-35, 665 N.E.2d 1199, 1204 (1996) (citing Downing v. Chicago Transit Authority, 642 N.E.2d 456, 458 (1994)). A federal court, however, "can deny preclusion if the state-court proceedings denied the parties a full and fair opportunity to litigate by falling below the minimum requirements for due process." Garcia v. Village of Mount Prospect, 360 F.3d 630, 635 (7th Cir. 2004).

Plaintiff's Petition for Common Law Writ of Certiorari ("Petition") filed in state court and the Complaint filed in federal court reveal that both actions involve the same defendants, and, thus, there exists an identity of parties. In addition, a final adjudication was entered on the merits of Plaintiff's state court Petition on November 9, 2012. Neither party alleges that Plaintiff appealed that decision.

With respect to the identity of causes of action, Illinois has adopted the "transactional" test. Under this approach, "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." Id. at 637 (quoting River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 891 (Ill. 1998). In other words, the transactional approach "views claims in factual terms, focusing only on the bounds of the transaction at issue, disregarding the number of substantive theories, the variant forms of relief flowing from those theories, and the variations in evidence needed to support those theories." Id.

In his Petition, Plaintiff provides a detailed account of the events that transpired starting with the August 9, 2011 incident

and continuing through the completion of the disciplinary hearing and appeal to the Administrative Review Board.  (Doc. 41-1).  Plaintiff's Complaint filed in the present case contains a less detailed description of the same events.  (Doc. 1).  Both pleadings, however, specifically refer to disciplinary report no. 201103989/1-PON as the footing upon which Plaintiff's allegations now stand.  <u>Compare</u> (Doc. 41-1 at 3), <u>and</u> (Doc. 1 at 2).  From there, in both the Petition and the Complaint, the events Plaintiff describes differ only in the level of specificity, the relief requested from each court, and Plaintiff's allegation in the federal complaint that the state court issue was wrongly decided.  Under the transactional approach described above, these differences do not create a different cause of action for res judicata purposes under Illinois law.  Thus, all three elements are present for res judicata to apply under Illinois law.

Illinois law "precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated."  <u>Garcia</u>, 360 F.3d at 639 (citations omitted); <u>Hudson</u>, 889 N.E.2d at 213.  So long as a plaintiff could have joined his claims with the original cause of action, "then he had a full and fair

opportunity to litigate those claims under Illinois law." Garcia, 360 F.3d at 639.

As noted in this Court's Order dated March 5, 2015, the potential applicability of Heck v. Humphrey, 512 U.S. 477, and Edwards v. Balisok, 520 U.S. 641, 644-48 (1997) (applying Heck to prison discipline proceedings), could have affected the res judicata analysis in the present case as Plaintiff's causes of action under § 1983 would not accrue if a fact or the duration of Plaintiff's confinement were at issue and Plaintiff had not yet mounted a successful challenge. Defendants concede, and the Court agrees, the Plaintiff filed his Petition in state court at a time after Plaintiff's good time credits had been restored. Thus, Plaintiff was free to bring his § 1983 claims at the time he filed his Petition for Common Law Writ of Certiorari. Moreover, insofar as Plaintiff alleges causes of action under both federal and state laws, nothing prevented the Illinois courts from exercising jurisdiction over the federal claims. See Garcia, 360 F.3d at 642 (claimant may join constitutional claims under § 1983 with a request for administrative review in circuit court); Alberty v. Daniel, 323 N.E.2d 110, 114 (Ill. Ct. App. 1974) (jurisdiction over § 1983 claims is not exclusive to federal

courts). Here, Plaintiff made a decision to bring his claims in state court, which he was free to do. But when strategic choices are made, a plaintiff "must abide by the consequences of those choices." Garcia, 360 F.3d at 644 (citing Davis v. City of Chicago, 53 F.3d 801, 803 (7th Cir. 1995)). The Court finds that Plaintiff could have joined his federal claims in his prior state court action, but failed to do so. Therefore, under Illinois law, Plaintiff had a full and fair opportunity to litigate his federal claims.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 40) is granted. Because Plaintiff's claims are barred by res judicata, the Court does not address the statute of limitations issue.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment is GRANTED [40]. The clerk of the court is directed to enter judgment in favor of the Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues**

**the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     May 27, 2015

FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE